1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

WESTERN DISTRICT OF WASHINGTON

10

AT SEATTLE

11

APEXART CURATORIAL PROGRAM, INC.,

12

                              Plaintiff,

13

        v.

14

BAYSIDE ROLLERS LLC, ABIGAIL CARSWELL,

15

16

17

                              Defendants.

18

Case No.:

**COMPLAINT**
**JURY DEMAND**

19

**COMPLAINT AND JURY DEMAND**

20

        Plaintiff Apexart Curatorial Program, Inc. ("Apexart" or "Plaintiff"), by its undersigned

21

attorneys, Duane Morris LLP, brings this suit against Bayside Rollers LLC and Abigail

22

Carswell (collectively Bayside Rollers LLC and Abigail Carswell referred to as "Defendants"),

23

and for its Complaint alleges as follows:

24

///

25

///

26

///

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 1

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

**NATURE OF THE ACTION**

1.      This action seeks damages and injunctive relief for Defendants' infringement of Apexart's distinct APEXART trademark, unfair competition, false designation of origin, and dilution under Federal and Washington law, and related common law claims.

**PARTIES**

2.      Plaintiff Apexart is a non-profit 501(c)(3) designated corporation incorporated under the New York Education Department by the Board of Regents, with a place of business at 291 Church Street, New York, New York 10013.

3.      Upon information and belief, and after a diligent and reasonable search, Defendant Bayside Rollers LLC is a Washington state limited liability company with a principal and mailing address of 18127 109th Ave. SE, Snohomish, Washington 98296-8194. John Carswell is listed as the agent for service for this Defendant.

4.      Upon information and belief, and after a diligent and reasonable search, Defendant Abigail Carswell is an individual with an address of 18127 109th Ave. SE, Snohomish, Washington 98296-8194.

5.      Upon information and belief, and after a diligent and reasonable search, email addresses associated with Defendants include jcarswell@northlandcontractors.com, babyg@thedogtowncollection.com, and 174779AHKZAZq5Iq@relay.trademarkengine.com.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because this action arises, in part, under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

7.      The Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over Apexart's claims arising under the laws of the State of Washington.

///

///

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 2

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

8.      This Court has personal jurisdiction over Defendants because Defendants are organized in and/or transact business in the State of Washington and offer services under an infringing mark in this district.

9.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction in this district due to its voluntary transacting of business herein, including offering and selling products in and to this district, and because a substantial portion of the events at issue have arisen and will arise in this judicial district.

**FACTUAL BACKGROUND COMMON TO ALL CAUSES OF ACTION**

**A.      Apexart and the well-known APEXART Trademark**

10.      Apexart is a non-profit arts organization in New York City that was founded in 1994.

11.      Apexart's program supporters past and present include the National Endowment for the Arts, Milton and Sally Avery Arts Foundation, the Kettering Family Foundation, the Buhl Foundation, The Martin and Rebecca Eisenberg Foundation, Bloomberg Philanthropies, Spencer Brownstone, the Kenneth A. Cowin Foundation, Epstein Teicher Philanthropies, The Greenwich Collection Ltd., William Talbott Hillman Foundation/Affirmation Arts Fund, the Fifth Floor Foundation, the Consulate General of Israel in New York, The Puffin Foundation, the Trust for Mutual Understanding, The Andy Warhol Foundation for the Visual Arts, and public funds from the New York City Department of Cultural Affairs in partnership with the City Council, public funds from Creative Engagement, supported by the New York State Council on the Arts with the support of the Governor and administered by LMCC, funds from NYSCA Electronic Media/Film in Partnership with Wave Farm: Media Arts Assistance Fund, with the support of the Office of the Governor and the New York State Legislature, as well as the New York State Council on the Arts with the support of Governor Kathy Hochul and the New York State Legislature.

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 3

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

12.     Apexart is known worldwide in the art community for offering opportunities to curators and emerging and established artists who challenge set ideas about culture, art, exhibitions, and curation. As part of the organization, Apexart puts on public exhibitions, offers fellowships, publishes publications, and hosts public programs. Visiting the Apexart gallery in New York City is free and open to the public and as such it attracts visitors from all over the world and the United States. Plaintiff welcomes over 7,000 in-person event and exhibition visitors per year. Plaintiff's official website also garners over 22,000 views per month.

13.     Apexart advertises, markets, and promotes its art-related services both digitally and in print. Plaintiff currently has approximately 7,500 Instagram followers, 10,250 Facebook followers, 11,300 Twitter followers, and 18,000 email subscribers. Plaintiff has distributed approximately 68,500 exhibition brochures in the United States and ninety-one foreign countries.

14.     Plaintiff is featured in various art-industry publications such as ARTnews, Art & Education, and Apollo Magazine, and broader publications including The New Yorker, Der Spiegel, Entertainment Tonight and The New York Times, all of the aforementioned for national audiences.

15.     Apexart has expended substantial resources promoting its arts related services. Apexart spends substantial sums of money each year, including: $87,000 for full color brochures sent to over 7,000 people, organizations, and institutions in over 80 countries; $35,000 in digital advertising on websites such as e-flux and hyperallergic; and over $70,000 in staff time to promote exhibitions and advertise arts-related services under the APEXART mark to the art industry and the consuming public in newspapers, social media, magazines, and in direct mail and electronic mail campaigns.

16.     Apexart also presents exhibitions and installations outside of New York City. In 2021 alone, Apexart presented in Massachusetts, as well as internationally in France, Brazil, Mozambique, Puerto Rico. Over the past 30 years, Apexart has presented in more than 50

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 4

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

countries. *See* **Exhibit A** for true and accurate screenshots from the Apexart website available at https://apexart.org/pastexhibitions.php.

17.     Apexart is and has been promoting, offering, and rendering its art related services under its APEXART trademark for nearly 30 years.

18.     On August 20, 2002, Apexart successor in interest to Steven Rand, an individual, obtained U.S. Trademark Registration No. 2609921 for APEXART for "Not for profit educational services and exhibitions, namely the exhibition of original artwork and related lectures and panels, and the operation of a residency program where individuals worldwide are invited to attend, to pursue their studies" on the Principal Register (the "APEXART Mark").

19.     Apexart's APEXART mark registration identifies a date of first use of at least as early as June 1, 1994.

20.     Apexart's APEXART mark is registered as a word mark in standard characters, without any logo and not in any stylized typeface. A printout from the U.S. Patent and Trademark Office's ("PTO") online database depicting U.S. Registration No. 2609921 is attached hereto as **Exhibit B.**

21.     As a result of substantially exclusive and continuous use of the mark, Apexart's APEXART mark has achieved incontestable status. The validity of the APEXART mark, the registration of the mark, Apexart's ownership of the mark, and its exclusive rights to use this registered mark in commerce for the above-mentioned goods are therefore incontestable under 15 U.S.C.A. § 1065, and 15 U.S.C.A. § 1115(b), as Apexart has filed the required affidavits with the PTO.

22.     As a result of Apexart's continued, exclusive, and longstanding use of the APEXART mark to identify its arts related services, the APEXART mark has become well-known and has come to identify APEXART as the source of its services.

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 5

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42ⁿᵈ Floor
Seattle, WA 98104

23.     Apexart has maintained and continues to maintain the highest standards of quality in selecting artists and other individuals to participate in its exhibitions, fellowships, and various other arts related programs.

**B.      Defendants' Business**

24.     Upon information and belief, Defendants are the owners of the Apex Art and Culture Center which is expected to be an art exhibition space focused on attracting graffiti art fans and collectors from around the world to Everett, Washington.

25.     Upon information and belief, Bayside Rollers LLC is listed as the owner of 1611 Everett Avenue, Everett, Washington 98201.

26.     Upon information and belief, 1611 Everett Avenue, Everett, Washington 98201 is the location for the planned Apex Art and Culture Center.  *See* **Exhibit C**, a true and accurate copy of a My Everett News article and event information for an event to be held at Apex Art and Culture Center available at https://myeverettnews.com/2022/08/27/meet-the-owner-apex-art-and-cultural-center/ and https://btt.boldtypetickets.com/events/131264529/hell-s-belles-w-steel-beans-at-apex-art-and-culture-center.

27.     Washington state business records for Bayside Rollers LLC identify John Carswell as the registered agent and identify a mailing and principal address of 18127 109th Ave Se, Snohomish, Washington 98296-8194.

28.     Upon information and belief, Defendant Abigail Carswell is the wife of John Carswell. *See* **Exhibit C**.

29.     Abigail Carswell signed and is identified as the owner of the trademark application for APEX ART AND CULTURE CENTER (U.S. App. Ser. No. 97464041).

**C.      Defendants' Unlawful Activities**

30.     On or about June 2022, Apexart discovered that Defendants were in the process of, planning, and constructing the Apex Art and Culture Center and using the mark APEX ART AND CULTURE CENTER in connection with art related services.

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 6

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

31.     After a reasonable investigation into Defendants, it was apparent to Apexart that Defendants were using an infringing mark, namely APEX ART AND CULTURE CENTER for identical and related services to those offered and rendered under the APEXART mark.

32.      On June 8, 2022, Apexart, through its counsel, sent a letter to Defendants advising them of its rights and federal trademark registration in the APEXART mark and demanding that Defendants cease use and plans connected to the APEX ART AND CULTURE CENTER mark and offering of the infringing arts related services. This letter was sent via email to the Defendants at babyg@thedogtowncollection.com. Attached hereto as **Exhibit D** is a true and accurate copy of the letter dated June 8, 2022.

33.     Apexart requested a response by June 22, 2022 to its letter dated June 8, 2022, but received no response or acknowledgement by that date.

34.     However, only 11 days after Apexart sent its letter, on June 17, 2022 Defendants filed a use-based trademark application for the mark APEX ART AND CULTURE CENTER that was given Application Ser. No. 97464041 (hereinafter the APEX ART AND CULTURE CENTER Mark" or "Infringing Mark"). Attached hereto as **Exhibit E** is a true and accurate copy of the APEX ART AND CULTURE CENTER Mark application filed with the USPTO.

35.     The APEX ART AND CULTURE CENTER application identifies Abigail Carswell, an individual with an address of "18127 109th Ave Se Snohomish, Snohomish, Washington United States 98296" as the owner of the mark.

36.     The APEX ART AND CULTURE CENTER Mark identifies a date of first use in U.S. commerce as January 1, 2022 and first use anywhere as January 1, 2019 in connection with services identified as "We are an art and culture center" in Class 41.

37.     Applicant submitted as a specimen of use in connection with its application, "An event flyer from the APEX Art and Culture Center." *See* **Exhibit E**.

38.     The application was signed by Abigail Carswell, where she identified her position as "Owner" but did not identify what entity or organization she owned.

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 7

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

39.     The application identified a correspondence address of 18127 109th Ave. SE, Snohomish, WA, 98296-8194, the same addresses associated with Bayside Rollers, LLC where the applicant's husband, John Carswell, is the registered agent.

40.     Defendants, through John Carswell ultimately responded on June 27, 2022 to Apexart's June 8, 2022 letter, a week after they filed their own application for the Infringing Mark and had received Apexart's letter by stating that "we found your claim to be baseless enough that I decided not to pay my attorney for a rebuttal." Attached hereto as **Exhibit F** is a true and accurate copy of the email dated June 27, 2022.

41.     Upon learning that Defendants had filed an application for the APEX ART AND CULTURE CENTER Mark, on August 24, 2022, Apexart, through its predecessor-in-interest in the APEXART mark, filed a Letter of Protest against this application on the basis of a likelihood of confusion. The Letter of Protest was accepted by the U.S. Trademark Office on October 12, 2022. Attached hereto as **Exhibit G** is the Letter of Protest and acknowledgment from the PTO of its acceptance.

42.     Upon information and belief, Defendants intentionally selected the Infringing Mark to be confusingly similar to the APEXART Mark.

43.     Defendants' use of and application for the Infringing Mark is at least twenty-eight years after Apexart began using its APEXART Mark.

44.     Upon information and belief, there is no possible date of priority that Defendants could claim that would predate Apexart's dates of priority associated with the APEXART Mark.

45.     Defendants' use of the Infringing Mark is nearly identical to Apexart's use of the APEXART trademark, as the only difference between the marks physically is the space between "APEX" and "ART" and the generic wording "AND CULTURE CENTER."

46.     Defendants' use of the Infringing Mark is with identical and confusingly similar services, specifically art related services.

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 8

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

47.     Upon information and belief, Defendants' actions were done intentionally, with actual and/or constructive knowledge of Apexart's organization, and the APEXART Mark.

48.     Defendants' art gallery and exhibition related services are competing and/or closely related services to those of Apexart. Both parties' services are commonly offered or rendered through the same trade channels and sought by the same classes of consumers.

49.     Defendants' unauthorized uses of the Infringing Mark is likely to mislead consumers into believing that Defendants' art gallery and exhibition related services are sponsored, licensed, approved by, or are otherwise associated or affiliated with Apexart and its APEXART Mark.

50.     Upon information and belief, Defendants adopted and commenced use of, are using, and plan to continue using the Infringing Mark with the intent and purpose of trading upon the extensive goodwill built up by Apexart in its APEXART Mark and to reap the benefits of the years of effort invested by Apexart to create public recognition of the APEXART trademark and services rendered thereunder.

51.     Upon information and belief, Defendants' actions were done in bad faith to likely cause confusion with Apexart.

52.     To date, Defendants have not substantively acknowledged Apexart's communications to try and amicably resolve this matter.

53.     Defendants have engaged and continue to engage in deliberate and willful infringement designed to confuse consumers as to the source of Defendants' art related services offered and provided under the Infringing Mark and trade upon Apexart's valuable intellectual property, goodwill, and reputation.

54.     Defendants' conduct constitutes trademark infringement, dilution, unfair competition, and false designation of origin, in violation of federal, state and common law. Under the applicable federal and state statutes, Apexart would be entitled to not only immediate

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 9

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

1   and permanent injunctive relief against Defendants' continued infringement, but also to

2   recovery of profits, treble and punitive damages.

3                      **FIRST CAUSE OF ACTION**

4          **(Federal Trademark Infringement, 15 U.S.C. § 1114)**

5          55.    Apexart repeats and realleges the allegations set forth in the paragraphs above as

6   if fully set forth herein.

7          56.    Apexart owns a valid and protectable federal trademark registration for the

8   APEXART trademark, as shown in **Exhibit B** attached hereto. The APEXART trademark is

9   used in commerce, and has been used continuously in commerce for over at least twenty-eight

10  (28) years. The Apexart trademark is distinctive by virtue of their inherent and acquired

11  distinctiveness, extensive use, prominence in intended and unsolicited media, and publicity

12  throughout the United States.

13         57.    As described in detail in paragraphs set forth above, Defendants are advertising,

14  promoting, offering, and rendering art related services in connection with the Infringing Mark

15  in the United States.

16         58.    Upon information and belief, consumers who encounter Defendants' arts related

17  services are likely to believe that those services are affiliated with, or associated with Apexart.

18  Thus, Defendants' use of the Infringing Mark in connection with its arts related services, is

19  likely to cause confusion, mistake, or deception as to the affiliation, connection, or association

20  of Defendants with Apexart, or as to the origin, sponsorship, or approval of Defendants' arts

21  related services by Apexart. Such use constitutes trademark infringement in violation of 15

22  U.S.C. § 1114(1)(a).

23         59.    Defendants' actions are without the authorization or permission of Apexart.

24  Upon information and belief, Defendants chose to provide, offer, advertise, and promote

25  Defendants' arts related services in connection with the Infringing Mark with actual and/or

26  constructive knowledge of Apexart's prior use of and rights in the APEXART trademark. Upon

COMPLAINT
JURY DEMAND
DM2\17068621.1                    Page No. 10                    DUANE MORRIS LLP
                                                                 Columbia Tower
                                                                 701 Fifth Avenue, 42nd Floor
                                                                 Seattle, WA 98104

information and belief, Defendants chose to provide, offer, advertise, and render arts related services in connection with the Infringing Mark in commerce with the intent to cause confusion, to cause mistake, or to deceive.

60.     Upon information and belief, Defendants have profited from this infringement.

61.     This is an exceptional case under 15 U.S.C. § 1117(a).

62.     Defendants' willful conduct has caused damage to Apexart in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

63.     In light of the foregoing, Apexart is entitled to injunctive relief, and to recover from Defendants all damages, including lost profits and attorneys' fees, that Apexart has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action. Apexart is also entitled to an accounting of Defendants' profits resulting from its Lanham Act violations.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a))

64.     Apexart repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

65.     Defendants' unauthorized uses of the Infringing Mark in connection with art related services constitute a false designation of origin and a false representation as to the origin of Defendants' goods and services, are likely to cause confusion, mistake, or deception as to the source of art related services, and are likely to create the false impression that Defendants' are related services are authorized, sponsored, endorsed, licensed by, or affiliated with Apexart.

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 11

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

66.     Upon information and belief, Defendants chose to provide, offer, advertise, and promote art related services in connection with the Infringing Mark with actual and/or constructive knowledge of Apexart' prior use of and rights in the APEXART trademarks.

67.     Upon information and belief, Defendants offered art related services for sale under and/or in connection with the Infringing Marks, in commerce, with the intent to cause confusion, to cause mistake, or to deceive.

68.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Defendants' conduct has caused and is causing immediate and irreparable injury to Apexart, and will continue to both damage Apexart and confuse the public unless enjoined by this Court. Apexart has no adequate remedy at law.

### THIRD CAUSE OF ACTION

**(Violation of Washington Consumer Protection Act, RCW 19.86.010, et seq.)**

70.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

71.     Defendants' advertising, marketing, and offering of art-related services under the Infringing Mark constitutes an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

72.     Defendants' advertising, marketing, and offering of art-related services under the Infringing Mark harms the public interest by deceiving consumers about the authenticity, origins, and sponsorship of the products.

73.     Defendants' advertising, marketing, and offering of art-related services under the Infringing Mark directly and proximately causes harm to and tarnished Plaintiff's reputation and brand, and damages its business and property interests and rights.

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 12

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

74.     Accordingly, Plaintiff seeks to enjoin further violations of RCW 19.86.020 and recover their attorneys' fees and costs. Plaintiff further seeks to recover its actual damages, trebled.

**FIFTH CAUSE OF ACTION**

**(Common Law Unfair Competition)**

75.     Apexart repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

76.     Defendants' conduct complained of herein is likely to confuse the public as to the origin, source or sponsorship of Defendants' art related services, or to cause mistake or to deceive the public into believing that Defendants' are related services are authorized, sponsored, endorsed, licensed by, or affiliated with Apexart, in violation of Apexart's rights in the APEXART trademark under Washington common law.

77.     Upon information and belief, Defendants chose to provide, offer, advertise, and promote Defendants' art related services under and/or in connection with the Infringing Mark with constructive and/or actual knowledge of Apexart prior use of and rights in the APEXART trademark. The unlawful, unfair, and/or fraudulent business acts and/or practices set forth herein have been undertaken by Defendants willfully with the intention of causing harm to Apexart and for the calculated purpose of misappropriating Apexart' goodwill and business reputation. By adopting and using the APEXART trademark, Defendants have been unjustly enriched and Apexart has been damaged.

78.     By misappropriating and trading upon the goodwill and business reputation represented by the APEXART trademark, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Apexart's expense.

79.     Defendants' sale, advertisement, and promotion of Defendants' art related services under and/or in connection with the Infringing Mark, constitutes unfair competition under Washington common law.

COMPLAINT
JURY DEMAND

DM2\17068621.1

Page No. 13

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

80.     Defendants' conduct constitutes unfair competition with Apexart, all of which has caused and will continue to cause irreparable injury to Apexart's goodwill and reputation unless enjoined by this Court. Apexart has no adequate remedy at law.

81.     In light of the foregoing, Apexart is entitled to injunctive relief, and to recover from Defendants all damages, including lost profits and attorneys' fees, that Apexart has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Apexart respectfully demands judgment as follows:

1.     For an order and judgment that Defendants have infringed Apexart's APEXART trademark in violation of Apexart's rights under 15 U.S.C. § 1114, common law, and/or Washington law.

2.     For an order and judgment that Defendants have unfairly competed with Apexart in violation of Apexart's rights under 15 U.S.C. § 1125(a), common law, and/or Washington law.

3.     For an order and judgment that Defendants have acted in bad faith, willfully, intentionally, and/or with reckless disregard to Apexart's rights;

4.     For an order permanently enjoining and restraining Defendants, their officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from:

(a)     Using the APEX ART AND CULTURE CENTER Mark or any other trademark that is confusingly similar to the Apexart trademark with the sale or advertisement of Defendants' art related services;

(b)     Conducting any activities in the United States that relate to, refer to or concern the advertising, promotion, distribution, displaying, sale or

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 14

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

offering for sale of arts related goods and services, in any media or format, using the Infringing Mark, or any other trademark that is confusingly similar to the Apexart trademark;

(c)   Using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any goods advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendants, or any services advertised, promoted, sold or offered for sale by Defendants, are in any manner associated or connected with Plaintiff, or are authorized, licensed, sponsored or otherwise approved by Plaintiff;

(d)   Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the APEXART trademark;

(e)   Applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry the APEXART trademarks or any other confusingly similar trademark, for art or any goods or services related to the foregoing;

(f)   Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

5.   For an order directing Defendants to deliver up to Plaintiff's attorneys an accounting of all profits earned in connection with Defendants' art related services;

6.   For an order directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product or services advertised, promoted, distributed, displayed, produced, sold or offered

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 15

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

for sale by Defendants is in any manner authorized by Plaintiff or related in any way to Plaintiff;

7.   For an order directing Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above;

8.   For an order awarding Plaintiff such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117;

9.   For an order awarding Plaintiff all gains, profits, property and advantages derived by Defendants from Defendants' unlawful conduct and that such profits be enhanced pursuant to 17 U.S.C. § 1117;

10.   For an order awarding Plaintiff exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

11.   For an order awarding Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

12.   For an order awarding Plaintiff restitution for Defendants' unfair business practices pursuant to Violation of Washington Consumer Protection Act, RCW 19.86.010, et seq.;

13.   For an order awarding Plaintiff interest, including pre- and post-judgment interest, on the foregoing sums;

14.   For an order, pursuant to 15 U.S.C. § 1119, directing the Commissioner of the USPTO to refuse registration of Defendants' U.S. Trademark Application Serial No. 97/464,041 for the mark APEX ART AND CULTURE CENTER for "We are an art and culture center;" and

COMPLAINT
JURY DEMAND

Page No. 16

DUANE MORRIS LLP
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

DM2\17068621.1

15.     For an order awarding Plaintiff such other and further relief as the Court may

deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury in this action.


DATED:  December 21, 2022          By:*/s/ Hari Kumar*

Hari Kumar, WSB No. 53597
E-mail:     hkumar@duanemorris.com
**DUANE MORRIS LLP**
Columbia Tower
701 Fifth Avenue, 42nd Floor
Seattle, WA  98104
Telephone: +1 415 957 3034
Fax: +1 415 957 3001

Brian D. Siff (pending admission *pro hac vice*)
Email: bdsiff@duanemorris.com
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1055
Fax: +1 212 208 2430

Attorneys for Plaintiff
APEXART CURATORIAL PROGRAM,
INC.

COMPLAINT
JURY DEMAND
DM2\17068621.1

Page No. 17