Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

APEXART CURATORIAL PROGRAM, INC.,

Plaintiff,

v.

BAYSIDE ROLLERS LLC, ABIGAIL CARSWELL, BAYSIDE HOSPITALITY LLC, a Washington Limited Liability Company, and AMERICAN URBAN ART AND GRAFFITI CONSERVATION PROJECT, a Washington Non-Profit Corporation,

Defendants.

CASE NO. 2:22−cv−01807−TSZ

**OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiffs filed a motion for summary judgment claiming trademark infringement as a matter of law (Dkt. 34). Defendants filed a counter-motion for summary judgment in opposition demonstrating that Plaintiff cannot meet its prima facie case for several of



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

the claims *and* that because a jury could reach only one conclusion on the undisputed facts that there is no confusion or trademark infringement causing any injury or damages, Plaintiffs trademark claims should be dismissed. (Dkt. 39).

Defendants request the cross-motions and materials be considered together under Local Rule 7(k).

Plaintiff's motion should be denied.

Defendants' motion should be granted.

## II. ARGUMENT

In order for the Plaintiff to be successful on a Motion for Summary Judgment two main elements must be met by the moving party under the Federal Rule of Civil Procedure 56(a): (1) there is no genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986).

In the trademark infringement cases, "[courts of appeal] have cautioned that district courts should grant summary judgment motions regarding the likelihood of confusion sparingly, as careful assessment of the pertinent factors that go into determining likelihood of confusion usually requires a full record." In other words, '[b]ecause the likelihood of confusion is often a fact-intensive inquiry, courts are generally reluctant to decide this issue at the summary judgment stage.'" *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1210 (9th Cir. 2012)(citations omitted)(alteration in original).



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

The Ninth Circuit has stated that "….likelihood of confusion is a mixed question of law and fact that is predominantly factual in nature…." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992). Moreover, "the [*Sleekcraft*] factors are intended to guide the court in assessing the basic question of likelihood of confusion." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992). As many courts say it is not a "rote" checklist, but guidance on confusion inquiries in general.

**1. The Plaintiff has failed to show it is entitled to judgment as a matter of law in accordance with the facts it has cited in its Declarations and Motion.**

Plaintiffs motion for summary judgment should be denied because taking all the facts in John Carswell's and Sherry Jenning's Declarations as true, and the facts cited by Plaintiffs in a light most favorable to Defendants, a jury could return a verdict for Defendant that there is no actionable likelihood of consumer confusion, damages, or injury. Accordingly, Plaintiff's motion should be denied in its entirety.

Defendants incorporate by reference all the facts and argument in Defendants Motion and rely upon the Declaration of Jordan Kostelyk, Declaration of John Carswell, and the Declaration of Sherry Jennings, and exhibits thereto, to show that Plaintiffs motion should be denied because a reasonable jury could find in Defendants favor.

The Defendants have demonstrated in their Motion for Summary Judgment that the Plaintiff has failed to prove a prima facie case of trademark infringement, and Plaintiff has also failed to prove a prima facie case of its Consumer Protection Act





INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

Claim as well as its claim for attorney's fees for this being an exceptional case of infringement under Section 1117(a) of the Lanham Act.[1]

Under its trademark infringement claim Plaintiff has not shown any likelihood of confusion between the two marks under any facts in its affidavits/declarations and other materials and pleadings in the record. Additionally, it has also failed to show a deceptive act and damages under the Consumer Protection Act under any facts in its affidavits or other materials and pleadings in the record.

The Defendants have shown extensively in their Motion for Summary Judgement how the element of likelihood of confusion has not been met by the facts put forth by the Plaintiff. For example, most if not all *Sleekcraft* factors weigh in the Defendants' favor, and they weigh overwhelmingly in the Defendants' favor, which is the main proxy for determining test for likelihood of consumer confusion. *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012)("multi-factor approach must be applied in a flexible fashion")

The Plaintiff on its own facts has failed to show even one incident of actual confusion, which simultaneously negates that the Defendants have deceived a substantial portion of the public under the Washington Consumer Protection Act as well as their Common Law Consumer Protection Act claim. Therefore, the Defendants have

[1] The Defendants' have argued in their Motion for Summary Judgment that the Plaintiff has failed to make a prima facie case for any of their claims, yet they focus in this Opposition on the claims in which the Plaintiff moved for summary judgment.



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

also failed to show any damages under these claims in the form of lost goodwill or lost profits or other injury.

a. **The Plaintiff has failed to show any instances of actual confusion by relevant consumers.**

The Plaintiff continually cites to the fact that third-parties or non-consumers made a typographical error by typing the APEX Art and Culture Center the "Apex Art Center" as well as the fact that the Defendants' tagged a single Instagram post with the tag "Apex Art Center." (Plaintiff's Mtn. at 16). Yet, the Ninth Circuit has already been clear that "confusion generally" in non-consumer third parties is insufficient to meet the factor of actual confusion. Instead, the Plaintiff must show instances of mistaken purchases or donations by the consumers, or that the third-parties confused the two leading to potential consumer confusion, which it has not shown. *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1214 (9th Cir. 2012) (citing *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 677 (9th Cir. 2005)).

Plaintiff cites *Hokto Kinoko Co. v. Concord Farms Inc.,* a "gray-market goods" case for the assertion that the Ninth Circuit affirmed summary judgment even when no evidence of actual consumer confusion had been produced. However, the Ninth Circuit affirmed summary judgment in the absence of evidence of actual consumer confusion only after it had found that all other *Sleekcraft* factors weighed "heavily" in the favor of the Plaintiff, which has not been shown in the present case. 738 F.3d 1085, 1097 (9th Cir. 2013).



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

Finally, although *Ironhawk Techs., Inc. v. Dropbox, Inc*. has said that the factor of actual confusion is not dispositive, the court was clear that when it is present, it is "…strong evidence of likelihood of confusion." *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1165 (9th Cir. 2021) (quoting *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 633 (9th Cir. 2005)).

b. **The Plaintiff has failed to show that the marks are similar or wrongful intent as a matter of law.**

**i. The marks are not confusingly similar under the facts and circumstances.**

The Plaintiff compares the current case to *Century 21 Real Estate Corp. v. Sandlin*, a case where the Plaintiff filed suit against a prior Century 21 franchise owner for continuing to use the term Century is his new real estate business name (Century Investments & Realty was his new business name) name after termination of his contract with Century 21 "TO PROVIDE A WAY TO STIMULATE MY CLIENTS MEMORY SO THEY CAN FIND ME… [emphasis in original]". 846 F.2d 1175, 1180 (9th Cir. 1988) *Century 21* was particularly egregious, because the Defendant continued to list his new business in telephone directories under Century 21, in the same line of business and in the same locale as his prior franchise.

Moreover, this case is distinguished from *Century 21 Real Estate Corp.* where the dominant term was found to be "Century" because in the present case, APEX is used as an acronym and is emphasized by the Defendants as having a distinct meaning through the focus on it in the logo and in capitalization. Defendants only vernacular



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

shorthand is "the APEX," though they do not market their building this way on the Internet. The Plaintiff, in contrast, does not emphasize "apex" in any way separate and apart from "art" and instead mashes it together with the word "art" into an amalgamated non-word "apexart." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1179 (9th Cir. 1988). Importantly, though, APEX Art and Culture Center offers distinct services from apexart, was never a franchise of apexart, and was never listed online or in other directories (including phone directories) as "apexart," and its logo is significantly different from the apexart logo. Carswell Decl. ¶ 37. In stark contrast, in *Century 21 Real Estate Corp.*, where the court found the signs of the Plaintiff and Defendant to be confusingly similar. 846 F.2d 1175, 1180.Plaintiff compares the present case to *Ironhawk Techs., Inc., v. Dropbox, Inc.,* a "reverse confusion" case pitting Dropbox Inc's "Smart Sync" (junior) against Ironhawk's "Smartsync" (senior) where Dropbox "[junior] knew of the mark, should have known of the mark, intended to copy the [senior], failed to conduct a reasonably adequate trademark search, or otherwise culpably disregarded the risk of reverse confusion." *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1168 (9th Cir. 2021)(quoting *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 934-35 (9th Cir. 2017))(alterations in original).

**ii. Carswell did not act fraudulently, deliberately, and willfully to infringe, but acted in good faith to not infringe and to distinguish.**

Section 1117(a) of the Lanham Act provides in part: "…The court in exceptional cases may award reasonable attorney fees to the prevailing party." Courts have further



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

expanded on what constitutes an exceptional case worthy of attorneys' fees by stating: "'…exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances. *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 572 U.S. 545, 554, 134 S. Ct. 1749, 1756, 188 L.Ed.2d 816, 825 (2014). Specifically, courts have also found an exceptional case to be one where: "… a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases…" *Id.* at 555. Plaintiffs cite to *Watec Co., Ltd. v. Liu,* 403 F.3d 645, 656 (9th Circ. 2005) for the proposition that they should be awarded fees where an infringer is "fraudulent, deliberate, or willful." Plaintiffs try to analogize APEX Art and Culture Center with "Carquake" in *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1213 (9th Cir. 2003). That case is glaringly different both in terms of the infringement itself, and the acts of the infringer.

> "Bumper became aware of the "Earthquake" mark in 1990 when it attended a trade show that Earthquake was also attending. Bumper sells the same type of product as Earthquake, i.e., car audio products such as speakers. Bumper competes with Earthquake, and they use the same marketing channels. Although the "Carquake" and "Earthquake" marks are visually distinct, they have an obvious aural and connotative similarity. ***





INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

> Bumper filed an intent-to-use application with the United States Patent and Trademark Office ("PTO") relating to its "Carquake" mark in July 1993. The next month, August 1993, Bumper contacted at least one of Earthquake's distributors to market "Carquake" audio products. Bumper told this distributor that its products were the same as Earthquake's products, only cheaper. Bumper's "Carquake" products had model numbers that were nearly identical to the ones used by Earthquake, and it designated its products "CQ", which was similar to the "EQ" used on Earthquake's "Earthquake" line. Also, the warranty for at least some of the "Carquake" products does not state Bumper's name anywhere on it, but rather requires consumers to ship defective goods to the "CARQUAKE Warranty Service Center" and provides a street address."

*Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1213 (9th Cir. 2003).

Here, there is no evidence or allegation that Carswell or any Defendants came up with the name APEX Art and Culture Center after being exposed to "apexart." There is no evidence that Carswell or Defendants learned of Plaintiff's donors or any specific customers of Plaintiff and sought their donations or patronage. Rather the evidence shows Defendants and Carswell's good faith consideration of the claims (Decl. Carswell ¶¶28-39), and prompt clear unambiguous rejection of those claims with reasons provided – albeit in layman's terms. (Dkt. #30 at p.106)(Carswell email to Duane Morris). Carswell invited that if he was "incorrect please let me know and I will brief my attorney on our next course of action. Thank you." (Dkt. #30 at p.106).

A jury could find Carswell and Defendants has acted in good faith in pursuing the mark APEX Art and Cultural Center, and to distinguish their mark from "apexart."






INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

This defeats both Plaintiffs summary judgment claim on trademark infringement, and Plaintiff's claim that this is an "exceptional case" warranting them attorney's fees.

While Carswell coined the term Aerosol Paint Expressionism and its acronym APEX prior to knowing about "apexart," a jury could find Carswell's testimony on comparing the marks and seeing the obvious differences, consulting several non-trademark attorney friends, and researching the criteria himself as a good faith belief his mark is different and not confusing. (Decl. Carswell ¶¶28-39). Indeed, Carswell hired a trademark attorney to tailor the new application to clarify their actual uses to demonstrate there is no chance of actionable confusion, and the logos are deliberately different. (Decl. Carswell ¶38). This is not a case of two technology companies directly competing for some commercial customers "data transfer" or file sharing applications with the virtually identical names "SmartSync" and "Smart Sync."

As to the "consumer care" argument by Plaintiff regarding confusion causing injury or damage, their argument is a red herring. Plaintiff does not charge admission to its museum in New York, and it otherwise carefully cultivates big name "institutional donors."[2] While Plaintiff caters to the sophisticated patron of the arts in fancy art magazines and national big-name publications, Defendants advertise locally in the Everett, Washington area. (Decl. Jennings ¶¶8-15). Defendants' building and museum's

[2] (Dkt. #34 at 3)("Apexart has cultivated an extensive list of renowned institutional donors")



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

intrigue related to art is not their name, but the unique and specific type and amount of art they have (Dogtown Collection). (Decl. Jennings ¶7); (Decl. Carswell ¶14). The casual possibly "unsophisticated" consumers of the arts Apex references and is concerned about at p.18 of their Motion would only be folks exposed to APEX Art and Culture Center looking for the entertainment of the restaurant, bar, and fight scene, (Decl. Jennings ¶¶6-7), while other patrons to the AMGRAF would likely be a sophisticated patron of the graffiti arts that are not easily confused or attracted to APEX Art and Culture Center because of "apexart."

Finally, though the Defendants disagree with the Plaintiff's contention that Mr. Carswell failed to conduct a thorough enough investigation of its claims of trademark infringement, his conduct even alleged by the Plaintiff fails to show any willful intent to infringe under the law, and thus fails to make this an exceptional case under Section 1117(a) of the Lanham Act.

Additionally, the Defendants also disagree with the Plaintiff's allegation that Mr. Carswell failed to read the Nonfinal Decision from the USPTO and ignored the Nonfinal Decision, when he did indeed hire additional specialized trademark counsel to assist with a new application for a trademark, which contained the additional information requested by the USPTO in its Nonfinal Decision. Carswell Decl. ¶ 36-39. Although the Plaintiff contends the USPTO issued a Nonfinal Decision for likelihood of confusion with the Plaintiff's mark, the decision instead advised the Carswells that the application was lacking information and without more information (as the new



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

trademark application has now) it ran the risk of a potential for likelihood of confusion with a few different marks given the perfunctory but extremely broad language used by Abigail Carswell that did not have any explanation or examples. Thus, these additional facts demonstrate that the Plaintiff has failed to establish an exceptional case of infringement warranting attorney's fees.

Finally, though the Defendants disagree with the Plaintiff's contention that Mr. Carswell failed to conduct a thorough enough investigation of its claims of trademark infringement, his conduct even alleged by the Plaintiff fails to show any willful intent to infringe under the law, and thus fails to make this an exceptional case under Section 1117(a) of the Lanham Act.

Additionally, the Defendants also disagree with the Plaintiff's allegation that Mr. Carswell failed to read the Nonfinal Decision from the USPTO and ignored the Nonfinal Decision, when he did indeed hire additional specialized trademark counsel to assist with a new application for a trademark, which contained the additional information requested by the USPTO in its Nonfinal Decision. Carswell Decl. ¶ 36-39. Although the Plaintiff contends the USPTO issued a Nonfinal Decision for likelihood of confusion with the Plaintiff's mark, the decision instead advised the Carswells that the application was lacking information and without more information (as the new trademark application has now) it ran the risk of a potential for likelihood of confusion with a few different marks given the perfunctory but extremely broad language used by Abigail Carswell that did not have any explanation or examples. Thus, these additional



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

facts demonstrate that the Plaintiff has failed to establish an exceptional case of infringement warranting attorney's fees.

## III. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court deny the Plaintiff's Motion for Summary Judgment.

This Opposition contains less than 4,200 words (3044 words) in accordance with Local Rules.

DATED this 30th day of October 2023.

OJALA LAW INC., P.S.

__/s/_Peter C. Ojala______________

Peter C. Ojala, WSBA#42163
Jordan D. Kostelyk, WSBA#59968
Attorneys for Defendants
P.O. Box 211
Snohomish, WA 98291
Tel: (360) 568-9825
peter@ojalalaw.com