UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

APEXART CURATORIAL PROGRAM, INC. ,

                Plaintiffs,

  v.

BAYSIDE ROLLERS LLC; ABIGAIL CARSWELL; BAYSIDE HOSPITALITY LLC; and AMERICAN URBAN ART AND GRAFFITI CONSERVATION PROJECT,

                Defendants.

C22-1807 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    The motion for partial summary judgment brought by plaintiff Apexart Curatorial Program, Inc. ("ACPI"), docket no. 34, is DENIED. The motion for full or, alternatively, partial summary judgment, docket no. 39, as corrected, docket no. 45-1, brought by defendants Bayside Rollers LLC ("Rollers"), Bayside Hospitality LLC ("Hospitality"), American Urban Art and Graffiti Conservation Project ("AMGRAF"), and Abigail Carswell is also DENIED.

ACPI asserts four causes of action against Rollers, Hospitality, AMGRAF, and Abigail Carswell, namely: (i) a Lanham Act claim for trademark infringement; (ii) a Lanham Act claim for unfair competition and/or false designation of origin; (iii) a claim for violation of Washington's Consumer Protection Act ("CPA"); and (iv) a common law claim of unfair competition. <u>See</u> Am. Compl. at ¶¶ 62–88 (docket no. 30). In its motion, ACPI asks the Court to rule, as a matter of law, that defendants (i) have infringed ACPI's service mark APEXART, (ii) have violated the CPA, and (iii) must pay ACPI's attorney's fees pursuant to the Lanham Act's fee-shifting provision, which applies in "exceptional"

MINUTE ORDER - 1

1  cases.  In their cross-motion, defendants seek dismissal of all of ACPI's claims or, in the alternative, partial summary judgment that ACPI cannot recover actual or punitive
2  damages or attorney's fees.

3       The service marks at issue are as follows:

4

5              APEXART®



6

7  The mark on the left, APEXART, belongs to ACPI.  It has been registered as a service mark since August 20, 2002, in connection with not-for-profit educational services and
8  exhibitions of original artwork, as well as the operation of a residency program in which individuals worldwide are invited to participate.  *See* Ex. B to Am. Compl. (docket
9  no. 30-1).  The mark on the right, consisting of the stylized word "APEX" inside a solid diamond in combination with the words "ART AND CULTURE CENTER" along the
10 exterior and lower right border of the diamond (the "Diamond Mark"), was first used as early as January 1, 2019, in connection with entertainment services (in the nature of
11 arranging and hosting social entertainment events, live musical performances, dances, mixed martial arts bouts, and urban art competitions), museum services, facilities, and
12 exhibitions, and websites featuring information in the fields of art, art appreciation, art culture, art history, urban art competitions, dance, mixed martial arts bouts, and music.
13 *See* Ex. 304 to J. Carswell Decl. (docket no. 42-1).  An application to register the Diamond Mark, listing Abigail Carswell as the owner of the mark, is pending before the U.S. Patent
14 and Trademark Office ("PTO").  *Id.*

15 According to John Carswell, who has not been individually sued by ACPI, a
16 building located at 1611 Everett Avenue in Everett, Washington (shown in the image to
17 the right), which was built in 1921 and was formerly a Masonic temple, is now known
18 as the APEX Art and Culture Center. J. Carswell Decl. at ¶¶ 2–3 (docket no. 42);
19 J. Carswell Dep. at 18:24–19:4 & 32:8–13, Ex. 1 to Parsons Decl. (docket no. 35-1).



20 APEX is an acronym for the phrase Aerosol Paint Expressionism, which John Carswell coined about twenty years ago to describe art that most individuals refer to as graffiti.
21 J. Carswell Decl. at ¶¶ 8–10.  The building, which was purchased in August 2022 by Rollers, in which John Carswell holds a 50% interest, *id.* at ¶¶ 4–5, is or will be home to
22 multiple tenants:  (i) AMGRAF, which is a nonprofit organization aimed at preserving

23

MINUTE ORDER - 2

graffiti art, (ii) an APEX museum run by AMGRAF, which will include items on loan from John Carswell's "Dogtown Collection," (iii) a restaurant known as 16Eleven, (iv) a bar called El Sid Cocktail Lounge ("El Sid"), and (v) an entertainment venue dubbed Kings Hall.  Id. at ¶¶ 7–8, 12–14, 21, 23–24.  Hospitality, of which John Carswell is the sole member, operates 16Eleven and Kings Hall, and it will apparently run El Sid.  Id. ¶¶ 5–6 & 24; J. Carswell Dep. at 26:14–23, 32:8–16 & 131:5–8 (docket no. 35-1).

ACPI has a place of business at 291 Church Street in New York, New York.  Am. Compl at ¶ 2 (docket no. 30).  It is a non-profit arts organization with financial support from entities like the National Endowment for the Arts, the Milton and Sally Avery Arts Foundation, and the Andy Warhol Foundation for the Visual Arts.  Id. at ¶¶ 12–13.  It has a gallery and event space within a four-story Manhattan townhouse, but frequently exhibits work outside New York; over the past thirty (30) years, ACPI has presented work in more than fifty (50) countries, including France, Brazil, and Mozambique.  Id. at ¶ 18; see Rand Decl. at ¶¶ 8 & 12 (docket no. 36).  ACPI makes no allegation that it owns the building it occupies or that the facility is eponymously named APEXART or the like.  ACPI does not appear to run or be associated with a restaurant, bar or lounge, music hall or entertainment venue, or museum of graffiti art.  Rather, ACPI is "known worldwide in the art community for offering opportunities to curators and emerging and established artists who challenge set ideas about culture, art, exhibitions, and curation."  Am. Compl. at ¶ 14.  In other words, the mark APEXART is linked to the organization, Apexart Curatorial Program, Inc., and not to the venue that houses it.

In light of the above-described facts, the Court cannot conclude, as a matter of law, as requested by ACPI, that a likelihood of confusion exists with respect to the marks at issue.  See E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir. 1992) ("The core element of trademark infringement is the likelihood of confusion . . . . [and] likelihood of confusion is a mixed question of law and fact that is predominantly factual in nature . . . ."); see also AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348–54 (9th Cir. 1979) (setting forth eight (8) factors for evaluating likelihood of confusion, which are neither exhaustive nor exclusive).  Indeed, the Sleekcraft factors[1] tend to undermine ACPI's assertion of a likelihood of confusion, but the Court concludes that, when reasonable inferences are drawn in ACPI's favor, as they must be with respect to defendants' cross-motion, genuine disputes of material fact preclude summary judgment.  See Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255–57 (1986).  Whether ACPI would be entitled, if it prevailed, to actual or punitive damages or attorney's fees

---

[1] As summarized in Gallo, the Sleekcraft factors are as follows:  "(1) strength of the allegedly infringed mark; (2) proximity or relatedness of the goods; (3) similarity of the sight, sound, and meaning of the marks; (4) evidence of actual confusion; (5) degree to which the marketing channels converge; (6) type of the goods and degree of care consumers are likely to exercise in purchasing them; (7) intent of the defendant in selecting the allegedly infringing mark; and (8) likelihood that the parties will expand their product lines."  967 F.2d at 1290.

MINUTE ORDER - 3

under the Lanham Act are questions appropriately reserved for trial and/or post-trial motions.

(2) The parties' stipulated motion to modify the case schedule, docket no. 63, is GRANTED in part and DENIED in part, as follows:

(a) The request to extend the deadline for filing motions related to discovery is DENIED. The deadline of January 4, 2024, had already expired before the parties sought an extension.

(b) The request to extend the deadline for filing dispositive motions is also DENIED. The parties have already conducted dispositive motion practice and no other dispositive motion will be considered by the Court.

(c) The request to continue the trial date and other related deadlines is GRANTED, as follows:

| **JURY TRIAL DATE (2–3 days)** | **September 30, 2024** |
|---|---|
| Discovery completion deadline | May 31, 2024 |
| Deadline for filing motions related to expert testimony (*e.g.*, Daubert motions) | June 20, 2024 |
| Motions in limine filing deadline | August 29, 2024 |
| Agreed pretrial order due | September 13, 2024 |
| Trial briefs, proposed voir dire questions, and jury instructions due | September 13, 2024 |
| Pretrial conference | September 20, 2024 at 10:00 a.m. |

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of February, 2024.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

MINUTE ORDER - 4